UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD JENNINGS #213611,    )
                           )
        Plaintiff,         )    Case No. 2:06-cv-154
                           )
v.                         )    HON. ROBERT HOLMES BELL
                           )
BRENT BRADLEY, et al.,     )
                           )
        Defendants.        )    **OPINION**
_____)

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to two of the named defendants, the Court will dismiss his claims against those defendants without prejudice.

**Discussion**

       I.      Factual allegations

       Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Corrections Officer Brent Bradley, Assistant Resident Unit Manager Thomas Salo, Resident Unit Manager Curt Rife, Sergeant Unknown McDonald, Deputy Warden Lloyd Rapelje, Corrections Officer Unknown Shertz, Corrections Officer Robert Wickstrom, Lieutenant Unknown Stevenson, Lieutenant Unknown Taylor, and Sergeant Kevin Taskila.

Plaintiff claims that on March 27, 2005, Defendants Bradley and Officer Vandershaken gave him a tray that contained a large chunk of feces between two slices of bread. When Defendant Bradley came to pick up the tray, he asked Plaintiff how he had enjoyed his "shit sandwich." When Plaintiff asked why Defendant Bradley had given him a tray with feces on it, Defendant Bradley stated that it was "payback" for all the grievances Plaintiff had written on him. Plaintiff states that on June 17, 2005, he was placed in soft restraints and all water was turned off in his cell. On June 18, 2005, Defendant Bradley falsely claimed that Plaintiff had "slipped the soft restraints" and had Plaintiff placed in hard restraints. Plaintiff's water was not turned back on. Plaintiff claims that the hard restraints were so tight that he could not stand up in them and that the leg irons cut through the skin on Plaintiff's ankles. Plaintiff complained to the Emergency Response Team, but was told if he was not quiet, he would be treated as if he was threatening staff and would be subjected to excessive force. Defendant Bradley then refused to give Plaintiff his dinner tray.

Plaintiff alleges that he was forced to "tear the electricity plates off the wall" in order to be chained to the bed, because he was not able to move to the bed in his hard restraints. While Plaintiff was chained to the bed, he was not given any water, toilet breaks or food. Plaintiff asked Defendants Stevenson, Taskila, Rapelje, and Taylor for help, to no avail. Plaintiff had two bowel movements in his pants and also urinated on himself. In addition, Plaintiff alleges that Defendant Bradley came into his cell while he was chained to the bed and smashed a feces smeared shield into Plaintiff's face while the nurse was checking his pulse. Plaintiff states that this was videotaped by Officer Bowerman. On June 20, 2005, Defendant Bradley again came to Plaintiff's cell and smashed the same feces smeared shield in Plaintiff's face, and then punched the shield, causing Plaintiff to suffer from a dislocated jaw and a swollen temple. Plaintiff states that Defendant Taskila observed this incident.

On December 20, 2005, Plaintiff arrived back at LMF from the Standish Maximum Correctional Facility so that he could be a witness for another prisoner in a lawsuit against MDOC officials. Plaintiff was placed on "cell slot management" restriction and was arbitrarily denied more than 80 food trays and was subjected to racist comments by staff. Plaintiff claims that he was told he was on the "monkey act" restriction, and that if he did not get into whatever position staff ordered, he was denied food. Plaintiff contends that this restriction is only used on Black and Latino inmates. Plaintiff alleges that Defendant Rife told him that Defendants Shertz, Wickstrom, McDonald, Salo and himself, had requested the restriction because of the fact that Plaintiff was serving as a witness for prisoner Anthony. Plaintiff contends that he has received numerous misconduct tickets while on this restriction because he did not know what was arbitrarily being required of him by various defendants. For relief, Plaintiff requests compensatory and punitive damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his

- 3 -

complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03); ¶ R (may grieve alleged "racial or ethnic discrimination or staff brutality or corruption" directly to Step III) (effective 4/28/03)**.**

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff attaches copies of grievances he filed against all of the named Defendants. However, the grievance filed by Plaintiff which named Defendants Stevenson and Taylor was rejected as untimely. Plaintiff did not appeal this decision. the United States Supreme Court has recently held that Prisoners must comply with applicable procedural rules, including deadlines, when exhausting administrative remedies as a precondition to bring an action in federal court. *Woodford, et al. v. Ngo*, S. Ct. No. 05-416, Slip Op. p. 21 (Mar. 22, 2006). Therefore, it appears that Plaintiff did not comply with the exhaustion requirement with regard to Defendants Stevenson and Taylor. The Sixth Circuit has found that the district court is not required to hold

evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to Defendants Stevenson and Taylor.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of unexhausted claims without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at \*1 (6th Cir. Aug. 3, 1998). Accordingly, the Court will dismiss Plaintiff's claims against Defendants Stevenson and Taylor without prejudice.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice Defendants Stevenson and Taylor because Plaintiff has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

An Order consistent with this Opinion will be entered.


Date:  July 18, 2006         /s/ Robert Holmes Bell
                             ROBERT HOLMES BELL
                             CHIEF UNITED STATES DISTRICT JUDGE