UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD JENNINGS, JR.,

       Plaintiff,

v.

       File No. 2:06-CV-154

       HON. ROBERT HOLMES BELL

BRENT BRADLEY,

       Defendant.
                                        /

## MEMORANDUM OPINION AND ORDER

On March 25, 2008, a jury trial returned a verdict in favor of Defendant Brent Bradley on all counts of Plaintiff Floyd Jennings, Jr.'s prisoner civil rights complaint. This matter is currently before the Court on Plaintiff's motion for new trial. (Dkt. No. 190.)

After a jury trial the court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Sixth Circuit has interpreted this Rule to require a new trial "only when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996) (*quoted in Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006)).

Plaintiff contends that a new trial is warranted because his trial was unfair in two respects. First, he contends that Defendant and his counsel unduly prejudiced Plaintiff's right to a fair trial by repeatedly characterizing the prisoners at Alger Maximum Correctional Facility ("LMF"), where Plaintiff was housed, as "the worst of the worst."

While there is a danger that the security status of a prison could lead a jury to unfairly stereotype the plaintiff, a jury also needs to be informed about the rationales behind the security procedures at a particular prison. *Williams v. Drake*, 146 F.3d 44, 48-49 (1st Cir. 1998). In the instant case, the references at trial to the security classification of LMF and its inmates were relevant to contested issues. Furthermore, any prejudice attributed to counsel's comments was alleviated by the Court's instruction that counsel's comments were not evidence. *See Holmes*, 78 F.3d at 1047 (noting that when prejudice is cured by the court's instructions, a motion for a new trial should be denied). Upon review, the Court is satisfied that the comments at issue were not substantially more prejudicial than probative, and that they did not result in an unfair trial.

Plaintiff's second contention is that the trial was unfair because the Court denied Plaintiff's request for an adverse-inference instruction based on Defendant's failure to produce videos of the June 18 and June 20, 2005 incidents at issue in this matter.

Defense counsel was ordered to make available for use at trial "all video tape recordings that exist of incidents that involve plaintiff which occurred on June 18 and June 20, 2005. (Dkt. No. 144, 2/22/08 Order.) At trial, and again in response to Plaintiff's motion

for a new trial, Defense counsel advised that there were no video recordings of the June 18 and June 20, 2005 incidents.

It is not clear whether videos of these incidents ever existed. If no videos ever existed, there was no spoliation of evidence. Even assuming videos did exist at one time and that they were later destroyed, a district court has "broad discretion in crafting a proper sanction for spoliation." *Adkins v. Wolever*, --- F.3d ---, 2009 U.S. App. LEXIS 2397 (6th Cir. Mich. 2009). "[A] proper spoliation sanction should serve both fairness and punitive functions." *Id.* The appropriate sanction will often correspond to the degree of the party's fault. *Id.*

Defendant's counsel, as an officer of the Court, advised that there were no video recordings of the two incidents. Plaintiff presented no evidence to suggest that Defendant's counsel was not truthful in this representation. Neither did Plaintiff present any evidence to suggest that Defendant himself played any role in the prison's decision regarding the preservation or destruction of the videos. Under these circumstances, the Court is satisfied that the denial of a spoliation instruction did not result in an unfair trial. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for new trial (Dkt. No. 190) is **DENIED**.

Dated: March 2, 2009                           /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               UNITED STATES DISTRICT JUDGE